IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:07CR433–HEH |
| ) | |
| DANNY DAMON SMITH, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
### (Dismissing Claims 1 and 3 and Referring Claim 2 to the Magistrate Judge)

Danny Damon Smith ("Petitioner"), a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner contends that he is entitled to relief on the following grounds:

Claim 1   Counsel[1] provided ineffective assistance at sentencing:
(a) Counsel failed to object to the Court's two-level enhancement for use of a firearm; and,
(b) Counsel failed to move for a downward departure or a variant sentence based upon Petitioner's diminished capacity.

Claim 2   Counsel failed to file an appeal.

Claim 3   The Government interfered with Petitioner's right to counsel when it subpoenaed his prior counsel, Mufeed W. Said.

The Government has responded. Petitioner has replied. The matter is ripe for disposition.

---

[1] Claire G. Cardwell and Theodore D. Bruns represented Petitioner.

# I. PROCEDURAL HISTORY

## A. Proceedings Prior to Submission of the § 2255 Motion

On November 7, 2007, a grand jury charged Petitioner with: retaliating against an informant resulting in murder (Count One); using a firearm causing the death of another, (Count Two); possession of a firearm in furtherance of a drug trafficking crime and a crime of violence (Count Three); and conspiracy to distribute and possess with the intent to distribute fifty grams or more of cocaine base (Count Four). On February 21, 2008, the Government filed notice of its intent to seek the death penalty against Petitioner. On July 22, 2008, a grand jury returned the Superseding Indictment against Petitioner, charging the original four offenses and a fifth offense of possession of firearm ammunition by a convicted a felon.

On August 25, 2008, the Government filed notice of its intent not to seek the death penalty. On that same date, the Government filed a notice of its intention to seek sentencing enhancement pursuant to 21 U.S.C. §§ 841 and 851.[2] By filing the sentencing enhancement, Petitioner's mandatory minimum term of imprisonment on the drug charge increased from ten years to twenty years.

On September 11, 2008, Petitioner entered into a plea agreement with the Government whereby he agreed to plead guilty to Count Four of the Superseding

---

[2] This sentencing enhancement was based on Smith's prior conviction on February 10, 2004, in Richmond Circuit Court, for possession with the intent to distribute cocaine. (Dk. No. 50.)

Indictment—conspiracy to distribute and possess with the intent to distribute fifty grams or more of cocaine base. (Plea Agreement ¶ 1.) In the Plea Agreement, the parties reserved the right to litigate Petitioner's involvement in the murder of Fannie Beard[3] during his sentencing hearing. (*Id.* ¶ 5.) The Presentence Report placed Petitioner's total offense level at 32[4], and his criminal history at a category V, resulting in a guideline range of 188–235 months of imprisonment. Nevertheless, Petitioner faced a mandatory minimum sentence of 240 months based upon his enhanced sentence. Defense counsel objected to the enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). (Dk. No. 82.) The Government objected to the failure to cross-reference U.S.S.G. § 2D1.1(d)(1), the guideline for first degree murder.

The Court conducted a sentencing hearing on December 16–17, 2008. By Memorandum Opinion and Order entered on January 20, 2009, the Court agreed with the probation officer's conclusions that the evidence was insufficient to support a cross reference to first degree murder, and that the evidence supported the two-level enhancement for possession of a firearm. On February 6, 2009, the Court entered the Judgment in Petitioner's case and sentenced him to 240 months of imprisonment. Petitioner did not appeal. Thereafter, Petitioner filed his present § 2255 Motion, to which the Government has responded.

---

[3] Ms. Beard was the informant Petitioner was charged with killing in Count One.

[4] Petitioner's total offense level of 32 included a two-level enhancement for possession of a firearm and a two-level reduction for acceptance of responsibility. (Presentence Report Worksheet D.)

3

## B. Outstanding Motions

On January 14, 2011, the Court received from Petitioner a document entitled Amendment in Supplication to Motion pursuant to 28 U.S.C. § 2255. The Court deems the submission to be a Motion to Amend. A motion to amend is appropriately denied where the amendment would be futile. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). That is the case here. In his Motion to Amend, Petitioner mentions the Fair Sentencing Reform Act of 2010 ("FSA") and then insists that his sentence should be reduced from 240 months of imprisonment to 60 months of imprisonment.[5] The FSA, however, does not apply retroactively to individuals, such as Petitioner, who were sentenced prior to August 3, 2010. *United States v. Bullard*, 645 F.3d 237, 248 (4th Cir.), *cert denied*, 132 S. Ct. 356 (2011); *United States v. Merrick*, No. 11-6438, 2011 WL 5223661, at *1 n.* (4th Cir. Nov. 3, 2011); *United States v. Ponton*, 407 F. App'x 622, 624 n.3 (3d Cir. 2011) (citing cases and concluding FSA does not apply retroactively in § 2255 proceedings). Because Petitioner's Motion to Amend would be futile, the motion will be denied.

Petitioner also has requested a free copy of his sentencing transcript. Petitioner fails to demonstrate a particularized need for the sentencing transcript as he can rely upon his own recollection of that proceeding. *United States v. Butler*, 178 F. App'x 327, 327 (4th Cir. 2006) (citing *United States v. Shoaf*, 341 F.2d 832, 835 (4th Cir. 1964)). Accordingly, Petitioner's motions for copies of his sentencing transcript will be denied.

---

[5] Petitioner also mentions *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Spears v. United States*, 555 U.S. 261 (2009). Petitioner, however, fails to explain how these decisions, issued prior to the imposition of his sentence, provide a basis for relief at this late date.

4

## II. ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate the ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Claim 1

In Claim 1(a), Petitioner faults counsel for not objecting to the two-level enhancement for possession of a firearm. This claim lacks factual and legal merit. First, the record reflects that counsel objected to the two-level enhancement for possession of a firearm. Second, given that Petitioner's sentence was dictated by the statutory minimum, the sentencing guideline enhancement for possession of a firearm was irrelevant to Petitioner's ultimate sentence. Because Petitioner fails to demonstrate deficiency or prejudice, Claim 1(a) will be dismissed.

In Claim 1(b), Petitioner complains that counsel failed to move for a downward departure or a variant sentence based upon Petitioner's diminished capacity. Because Petitioner's sentence was driven by the statutory minimum, counsel reasonably eschewed the motion Petitioner urges here. *See United States v. Burke*, 237 F.3d 741, 744 (6th Cir. 2001); *United States v. Daniels*, No. 98-4732, 1999 WL 496594, at *2 (4th Cir. July 13, 1999) ("A sentencing court may not depart below a mandatory minimum sentence unless the government moves for such a departure based on substantial assistance, or under the safety valve provision." (internal citations and footnote omitted)). Because Petitioner has not demonstrated deficiency or prejudice, Claim 1(b) will be dismissed.

B.  **Claim 2**

An attorney's failure to file a requested appeal is *per se* ineffective assistance of counsel. *See Roe v. Flores-Ortega,* 528 U.S. 470, 483–86 (2000). This is true even if the defendant has waived his right to appeal. *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). The United States Court of Appeals for the Fourth Circuit has instructed that "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." *Id.* at 272.[6] That is the case here.

---

[6] The Court notes that a split of authority exists respecting whether a lawyer is *per se* ineffective when the lawyer fails to file a notice of appeal despite his client's wishes, even when the defendant has waived his right to appeal and has no meritorious issues to raise. The United States Court of Appeals for the Seventh Circuit departs from the majority of circuits, and holds that counsel is not *per se* ineffective for honoring a client's written waiver of appeal instead of the client's later oral instruction to appeal. *Nunez v. United States*, 546 F.3d 450, 456 (7th Cir. 2008). Despite this contrary precedent from a different circuit, this Court adheres to the principles announced by the Fourth Circuit. *See Poindexter*, 492 F.3d at 265.

Petitioner swears that, following sentencing, he instructed his attorney, Claire Cardwell, to file an appeal. (Pet'r's Counter Aff. (Dk. No. 104) ¶ 3.) Both Ms. Cardwell and Theodore D. Bruns swear that Petitioner never directed them to file an appeal. (Gov't's Resp. (Dk. No. 101) Aff. ¶¶ 14–16.) Although counsel denies that Petitioner directed them to file an appeal, when, as here, "a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary." *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992) (citing *Becton v. Barnett*, 920 F.2d 1190, 1192 (4th Cir. 1990); *Moore v. United States*, 950 F.2d 656, 661 (10th Cir. 1991)). Accordingly, Claim 2 will be referred to the Honorable M. Hannah Lauck, United States Magistrate Judge, for all further proceedings including an evidentiary hearing, if necessary.

### C.     Claim 3

In Claim 3, Petitioner contends that he is entitled to relief because, during prior state criminal proceedings,

> [Petitioner] was represented by Mufeed W. Said; however, Said[']s representation was undermined and discontinued because the Government sought subpoena of Said in order to procure certain information pertaining to [Petitioner]. Such an anomalous act was improper and, infringed upon client/attorney relations, thus creating conflict between [Petitioner] and his "retained" counsel, Said.

(§ 2255 Mot. 4 (spacing and capitalization corrected).) Petitioner suggests that such actions interfered with his constitutional right to be represented by his counsel of choice. (*Id.* (citing *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006).) Petitioner swears that he informed, Ms. Cardwell, "I was intending to retain the services of Mufeed W. Said.

7

Claire G. Cardwell informed me that, Mufeed W. Said would not be able to represent me, due to the interest of the United States attorneys' office interest within certain information possessed by Mufeed W. Said." (Pet'r's Counter Aff. ¶ 1.) Petitioner apparently claims that the prosecution engaged in misconduct in subpoenaing Mr. Said. Such a claim lacks merit.

"[T]he right to assistance of counsel does not imply the absolute right to counsel of one's choice. A defendant's right to obtain counsel of his choice must be balanced against the need for the efficient and effective administration of criminal justice." *United States v. Weninger*, 624 F.2d 163, 166 (10th Cir. 1980) (internal citation omitted) (citing cases). "'An accused's right to select his own counsel . . . cannot be insisted upon or manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.'" *United States v. Cortellesso*, 663 F.2d 361, 363 (1st Cir. 1981) (omission in original) (quoting *United States v. Bentvena*, 319 F.2d 916, 936 (2d Cir. 1963)). For example, "[t]he government cannot be expected to risk its case by not calling defense counsel if his testimony is important [and not privileged]." *Grady v. United States*, 715 F.2d 402, 404 (8th Cir. 1983); *see United States v. Hallock*, 941 F.2d 36, 44 (1st Cir. 1991). Because, as explained below, the testimony the Government sought from Mr. Said was important to its case and not privileged, the Government did not engage in misconduct by issuing a subpoena to Mr. Said.

Prior to the scheduled trial date, the Government filed a Motion for Judicial Determination of an Attorney-Client Privilege Issue with respect to the Government's intent to subpoena Said as a witness. Petitioner, by counsel, responded to the motion.

Additionally, Mr. Said moved to quash the Government's subpoena directed to him. By Memorandum Opinion and Order entered on August 21, 2008, the Court granted in part and denied in part both motions. *United States v. Smith*, No. 3:07CR433, 2008 WL 3890351, at *1 (E.D. Va. Aug. 21, 2008). The August 21, 2008 Memorandum Opinion aptly states the Government's need to call Mr. Said as a witness.

> In June 2005, the Federal Bureau of Investigation, the Richmond Police Department, and the Virginia State Police began investigating the drug trafficking activities of an alleged street gang known as the Brickyard Boys. During the investigation, law enforcement agents recruited and developed several cooperating witnesses, who made controlled purchases of crack cocaine from targeted gang members. On July 10, 2005, Fannie "Patsy" Beard, a cooperating witness, made a controlled purchase of crack cocaine from the Defendant, Danny Damon Smith, while wearing a hidden video camera and microphone. The Defendant was arrested on September 16, 2008, and charged with distribution of a controlled substance in Richmond, Virginia ("state criminal charge").
>
> The Defendant retained Mufeed Said to represent him on the state criminal charge. Mr. Said obtained discovery from the Richmond Commonwealth's Attorney, which included the video recording of the drug transaction between the Defendant and Ms. Beard ("the video"). On October 31, 2006, immediately before the Defendant's plea hearing on the state criminal charge, Mr. Said told Assistant Commonwealth's Attorney Tony Pham that the Defendant knew the identity of the informant because her address appeared on the video. This communication took place outside a courtroom in the Richmond Circuit Court out of the presence of the Defendant.
>
> At his plea hearing, the Defendant entered a plea of nolo contendere to the state criminal charge, but was allowed to remain on bond and start his sentence at a later date. On December 2, 2006, Ms. Beard was found dead in the Whitcomb Court area of Richmond. On July 22, 2008, a federal grand jury charged the Defendant in a five-count Superseding Indictment, which includes two capital offenses, with causing Ms. Beard's death.

*Id.* The Court precluded the Government from eliciting from Mr. Said any statements made by Petitioner to Mr. Said regarding the contents of the video. *Id.* at *3–4. Nevertheless, the Court found, "The simple act of displaying the video to the Defendant

9

involved no protected communication since its contents were derived from a third party. Thus, the attorney-client privilege is inapplicable and does not protect from disclosure the fact that Mr. Said showed the video to the Defendant during his representation of the Defendant in relation to the state criminal charge." *Id.* at *3. In light of the above circumstances, Petitioner fails to demonstrate that the prosecution engaged in misconduct or that his rights under the Sixth Amendment[7] were violated by the Government's issuance of a subpoena to Mr. Said. *See Cortellesso*, 663 F.2d at 363–64; *Grady*, 715 F.2d at 404. Accordingly, Claim 3 will be dismissed

### III. FURTHER PROCEEDINGS

The record will be expanded under Rule 7 of the Rules Governing § 2255 Motions to include the following documents to be submitted within twenty-one (21) days of the date of entry hereof:

    A.    Petitioner shall submit copies of any records or correspondence which support his assertion that he conveyed to counsel his desire to file an appeal.

    B.    Petitioner is directed to provide the Court with a statement reciting any communications he had with counsel concerning Petitioner's instructions to counsel regarding an appeal. The statement must include a verbatim account of what Petitioner said to his attorney and the exact responses from his attorney. The statement must recite the date and locations of any conversations that took place. Additionally, Petitioner must identify what efforts he made to ascertain whether his attorneys had filed an appeal. Petitioner must explain when and why he first suspected that counsel had not filed an appeal. Such statement must be in affidavit form or sworn under penalty of perjury.

---

[7] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

      C.    Trial counsel are directed to provide the United States with copies of all correspondence to Petitioner regarding an appeal. Additionally, trial counsel shall provide the United States with copies of all correspondence received from Petitioner or sent to Petitioner following his sentencing that are relevant to whether Petitioner requested an appeal. Finally, at the request of the United States, trial counsel shall provide the United States with an additional sworn statement regarding his communications with Petitioner concerning the pursuit of an appeal.

      D.    The United States is directed to file all information provided by trial counsel with the Court and shall properly serve Petitioner with the same.

An appropriate Order will accompany this Memorandum Opinion.

                                                      /s/  
                                  Henry E. Hudson  
                                  United States District Judge

Date: Feb. 1, 2012  
Richmond, Virginia