IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                                           Criminal No. 3:07cr433

DANNY DAMON SMITH,

    Petitioner.

## REPORT AND RECOMMENDATION

Danny Damon Smith, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion, raising three claims for relief. By Memorandum Opinion and Order entered on February 1, 2012, the District Court dismissed Claims 1 and 3 and referred Claim 2[1] to the Magistrate Judge for all further proceedings, including an evidentiary hearing if necessary. As pertinent here, the District Court ordered the following documents to be submitted within twenty-one days:

> A. Petitioner shall submit copies of any records or correspondence which support his assertion that he conveyed to counsel his desire to file an appeal.
>
> B. Petitioner is directed to provide the Court with a statement reciting any communications he had with counsel concerning Petitioner's instructions to counsel regarding an appeal. The statement must include a verbatim account of what Petitioner said to his attorney[s] and the exact responses from his attorney[s]. The statement must recite the date and locations of any conversations that took place. Additionally, Petitioner must identify what efforts he made to ascertain whether his attorneys had filed an appeal. Petitioner must explain when and why he first suspected that counsel had not filed an appeal. Such statement must be in affidavit form or sworn under penalty of perjury.

(Feb. 1, 2012 Mem. Op. 10.) On February 28, 2012, the Court granted Smith's motion for an extension of time in which to file these documents and directed Smith to file the documents

---

[1] In Claim 2, Smith alleges that trial counsel failed to file an appeal as directed.

within forty-five days. (Feb. 28, 2012 Order.) Smith failed to file the documents as ordered within forty-five days.

By Memorandum Order dated April 26, 2012, the Court ordered Smith to show cause within eleven days for his failure to comply with the terms of the February 1, 2012 Memorandum Opinion and Order and the February 28, 2012 Order. The Court warned Smith that a failure to comply with the terms of the Court's order and failure to submit the documents as ordered would result in the dismissal of Claim 2. Smith failed to show cause and failed to file the documents as ordered within eleven days.

Instead, in the interim Smith filed nonresponsive, unrelated letters and motions (Docket Nos. 121, 122) and again requested a forty-five day extension of time to respond to the Court's orders, stating that he is in "segregated (23-1) lockdown with limited access to the law library and limited legal materials in his cell." (Pet'r's Mot. Ext. Time 1.) (Docket No. 123.) Given the procedural history of the case and Smith's past noncompliance with Court orders, the Court declined to grant Smith a forty-five day extension of time. Instead, by May 10, 2012 Memorandum Order, the Court ordered the following:

1. Smith shall show cause for his failure to comply with the terms of the February 1, 2012 Memorandum Opinion and Order, the February 28, 2012 Order, and the April 26, 2012 Memorandum Order no later than May 21, 2012.

2. Smith shall file the documents as ordered by the February 1, 2012 Memorandum Opinion and Order no later than May 21, 2012.

3. Failure to fully comply with the terms of this Memorandum Order by May 21, 2012 will result in the dismissal of Claim 2.

4. Given Smith's ability to file unrelated and nonresponsive materials, the Court will not entertain any further motions for extension of time absent exceptional circumstances.

(May 10, 2012 Mem. Order 2.)

On May 17, 2012, the Court received a letter from Smith, indicating that Smith did not receive his legal materials until March 24, 2012 and that the law library is not open at all times. (Docket No. 125.) This letter did not include or attach the documents as ordered by the Court.

On May 25, 2012, the Court received a Memorandum from Smith, purportedly responding to the May 10, 2012 Memorandum Order. (Docket No. 127.) As an explanation for why he did not file the documents on time, Smith states that he did not receive his legal materials until March 24, 2012 because he was transferred from USP Lewisburg to USP Allenwood. (Pet'r's Mem. ¶ 1.) This Memorandum did not include or attach the documents as ordered by the Court.[2]

May 21, 2012 has passed. Smith has yet to file the documents as ordered. Further, Smith has failed to offer an adequate excuse for his noncompliance with the Court's orders for several reasons. First, according to his own submissions, it appears that two months have elapsed since Smith received his legal materials. Thus, his transfer and brief inability to access his legal materials cannot serve as a basis for his noncompliance. Second, although Smith complains that the law library is not open at all times, he has been able to file several unrelated and nonresponsive letters and motions since the Court's February 1, 2012 Memorandum Opinion and Order. (Docket Nos. 115, 121, 122.) Finally, even without access to his legal materials and the law library, Smith has failed to explain why he could not timely file an affidavit or declaration reciting the facts supporting his claim as ordered by the Court. Thus, Smith has failed to adequately show cause for his noncompliance with the Court's orders.

---

[2] In his Memorandum, Smith vaguely suggests that he has sent documents to the Court: "I send [sic] my documents off to the courts and the prosecution which every party should have[.]" (Pet'r's Mem. ¶ 2.) However, Smith does not indicate when he sent these documents, and the Court has not received any documents responsive to the Court's February 1, 2012 Memorandum Opinion and Order.

Although Smith's *pro se* status makes him "entitled to some deference," it does not relieve him of his duty to abide by the rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Smith has had three months to file the documents, has received two extensions of time, and has been warned multiple times by the Court about the repercussions for noncompliance. For the foregoing reasons and pursuant to Federal Rule of Civil Procedure 41(b), the Magistrate Judge RECOMMENDS that the Court DISMISS WITH PREJUDICE Claim 2 and DENY Smith's § 2255 Motion.

Smith is ADVISED that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Each objection should be labeled with the corresponding heading from the Report and Recommendation, should be numbered, and should identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to file specific objections in a timely manner to the Report and Recommendation may result in the entry of an Order denying the motion. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841, 845 (4th Cir. 1985) (noting the general rule that "a party who fails to object to a magistrate's report is barred from appealing the judgment of a district court adopting the magistrate's findings").

Let the Clerk send a copy of the Report and Recommendation to Smith via first-class mail, to all counsel of record, and to the Honorable Henry E. Hudson.

And it is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 5-29-12

4